FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 MAR 18 PM 1: 10

MIDDLE
ORLANDO, FL

RICHARD APPLEBEE and
KIMBERLY APPLEBEE,
    Plaintiffs,
-vs-

CASE NO.: 6:16-cv-482-ORL-40KRS

HARLEY DAVIDSON CREDIT
CORPORATION,
    Defendant.
_____/

## COMPLAINT

Plaintiffs, RICHARD APPLEBEE and KIMBERLY APPLEBEE, by and through their undersigned counsel, sue the Defendant, HARLEY DAVIDSON CREDIT CORPORATION, and in support thereof respectfully allege the following:

## INTRODUCTION

1. Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

2. The TCPA was enacted to prevent companies like HARLEY DAVIDSON CREDIT CORPORATION from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at

1

night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Seminole County), the phone calls were received in this District, and the Defendant transacts business in Seminole County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiffs are "consumers" as defined in Florida Statute 559.55(2).

11. Plaintiffs are natural persons, and citizens of the State of Florida, residing in Seminole County, Florida, in this District.

12. Plaintiffs are "alleged debtors."

13. Plaintiffs are the "called parties." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant is a "debt collector" as defined by Florida Statute §559.55(6). Defendant sought to collect a debt from Plaintiffs.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

16. Defendant, HARLEY DAVIDSON CREDIT CORPORATION, is a corporation which was formed in Illinois and transacts business through its registered agent CT Corporation System, 208 South Lasalle Street, Suite 814, Chicago, IL 60604.

17. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Seminole County, Florida, by the Defendant's placing of illegal calls to Seminole County, Florida.

18. Defendant, at all material times, was attempting to collect on a debt, (hereinafter the "subject account"), which was issued and serviced by Defendant.

19. Defendant knowingly and/or willfully harassed and abused Plaintiffs on numerous occasions by calling Plaintiff's cellular telephone numbers up to seven (7) times per day from approximately mid-2014 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

20. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" ("ATDS") which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). The plaintiffs will testify that they have advised agents to please stop calling but the calls have continued, which is a common indicator that an ATDS is being used.

21. Each of the autodialer calls the Defendant made to Plaintiffs' cellular telephone numbers after approximately mid-2015, was done so after Plaintiffs' had revoked consent to be called by the Defendant. At some point in mid-2015 Plaintiffs both began asking Defendant to stop calling their cellular telephone numbers.

22. The calls from the Defendant to the Plaintiffs' cellular telephones continued despite Plaintiffs expressly revoking their consent to be called.

23. Plaintiff RICHARD APPLEBEE is the regular user and carrier of the cellular telephone number (407) ***-7640, and was a called party and recipient of Defendant's autodialer calls. Plaintiff KIMBERLY APPLEBEE is the regular user and carrier of the cellular telephone number (407)-***-6634 and was a called party and recipient of Defendant's autodialer calls.

24. The autodialer calls from Defendant came from telephone numbers including but not limited to 866-271-8488, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to "Harley Davidson".

25. Despite Plaintiffs informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiffs' cellular phones continued after Plaintiffs original and/or subsequent revocations of consent. Plaintiffs estimate over five hundred (500) calls to their cell phones post-revocation. The Plaintiffs were able to keep a non-exclusive log of calls received from Defendant, including but not limited twenty-four (24) calls between November 14 – 22, 2015 alone.

26. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

27. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond mid-2015, when Plaintiffs first advised Defendant to stop calling their cell phones.

28. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiffs, despite the individuals, like Plaintiffs, advising Defendant to stop calling.

29. Defendant's corporate policy provided no means for the Plaintiffs to have their cellular numbers removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff's cellular phones.

30. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

31. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

32. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

33. Due to Defendant's constant autodialer calls and demands for payment Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

34. Plaintiffs re-allege and incorporate Paragraphs one (1) through thirty-three (33) above as if fully stated herein.

35. None of Defendant's autodialer calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone numbers after Plaintiffs revoked consent to be called and without Plaintiff's prior express consent.

37. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiffs notified Defendant on or about mid- 2015, when Plaintiffs withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact them.

38. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendant, HARLEY DAVIDSON CREDIT CORPORATION, for statutory damages, treble damages, punitive damages, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

39. Plaintiffs re-allege and incorporate Paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

40. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

41. Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtors or any member of her or his family with such frequency as can reasonably be expected to harass the debtors or their family. Defendant continued to call Plaintiffs without Plaintiff's prior express consent and after Plaintiffs informed Defendant to stop calling. Defendant called Plaintiffs almost daily which is a frequency that can be reasonably expected to harass.

42. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendant, HARLEY DAVIDSON CREDIT CORPORATION for statutory damages, punitive damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Frank H. Kerney III, Esq.*
Frank H. Kerney III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
FKerney@forthepeople.com
jkneeland@forthepeople.com
Attorney for Plaintiff